Joseph Daniel PARSONS, Appellant

v.

The STATE of Texas, Appellee.

No. 10–03–00007–CR.

Court of Appeals of Texas, Waco.

April 12, 2006.

Stan Schwieger, Waco, for Joseph Daniel Parsons.

Kathryn J. Gilliam, Falls County Dist. Atty., Marlin, for The State of Texas.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION ON REMAND

BILL VANCE, Justice.

Appellant shot Calvin Penny. A jury rejected his self-defense claim, found him guilty, and assessed seven years in prison, to which the court sentenced him. The sole claim on appeal is errors in the jury charge, *i.e.*, an incorrect definition of "deadly force" and the failure to define "serious bodily injury." Finding errors in the charge but no egregious harm, we will affirm the judgment.

## REVIEW OF CHARGE ERROR

When reviewing charge errors, we undertake a two-step review: first, we determine whether error actually exists in the charge, and if so, determine whether sufficient harm resulted from the error to require reversal. *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex.Crim.App.1994); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (on rehearing). Appellant concedes that he did not object to the charge at trial. Thus, even if we find error, we should not reverse in the absence of "egregious harm" to Appellant. *Almanza*, 686 S.W.2d at 171.

In evaluating whether charge error caused some harm or egregious harm to the accused, the appellate court considers (1) the entire jury charge, (2) the evidence produced at trial, the contested issues and the weight of the probative evidence, (3) the attorneys' arguments, and (4) any other relevant information revealed by the record of the trial as a whole. *Ovalle v. State*, 13 S.W.3d 774, 786 (Tex.Crim.App. 2000) (quoting *Almanza*, 686 S.W.2d at 171).

## INCORRECT DEFINITION

The charge instructed the jury that the term "deadly force" means "a belief that would be held by an ordinary and prudent person in the same circumstances as defendant." The State concedes that the definition is not correct. We agree and proceed to a determination of whether Appellant suffered "egregious harm" because of this incorrect definition.

As the State points out, other provisions in the charge provided proper instructions on the law of self-defense, including correct definitions of the term "deadly force." The testimony at trial by the State's witnesses that Penny was unarmed and standing still stood in stark contrast to Appellant's testimony that Penny had a

gun and was coming at him fast. Counsel argued from the differing standpoints presented by the conflict in testimony. The jury's decision turned on credibility and in our view was not influenced by this mistake in the charge. We do not find egregious harm.

## FAILURE TO DEFINE

■ Appellant's second complaint is that the court failed to define "serious bodily injury." TEX. PEN.CODE ANN. 1.07(a)(46) (Vernon Supp.2005).

■ We note that the use of the term occurred only in the defensive portion of the charge, *i.e.*, in the instructions on the law of self-defense. *Almanza* does not govern unobjected-to omissions from the charge on defensive issues. *See Posey v. State*, 966 S.W.2d 57, 62 (Tex.Crim.App. 1998) (no duty on trial courts to sua sponte instruct the jury on unrequested defensive issues). However, the Court of Criminal Appeals has said that when the trial court undertakes to charge on self-defense, any flaw in the charge amounts to an "error in the charge," even under *Posey*. *See Barrera v. State*, 982 S.W.2d 415, 418 (Tex. Crim.App.1998). Thus, we will review this complaint.

■ The trial court should include statutory definitions of terms used in the charge. *See Arline v. State*, 721 S.W.2d 348, 352 n. 4 (Tex.Crim.App.1986) (stating "a statutorily defined word or phrase must be included in the charge as part of the 'law applicable to the case'"); *see also Huizar v. State*, 12 S.W.3d 479, 483 (Tex. Crim.App.2000). Here again, the State concedes that the term was not defined in the charge, but because Appellant did not object, the question is whether he suffered egregious harm. *See Barrera*, 982 S.W.2d at 418 (citing *Almanza*, 686 S.W.2d at 171) ("reversal only if the error is so egregious and created such harm that he 'has not

had a fair and impartial trial'—in short 'egregious harm' ").

Applying *Ovalle* and again noting that the term was used in connection with the defensive issue, we believe that the jury was not misled by this omission from the charge. We do not find egregious harm.

## CONCLUSION

Appellant's complaints about the jury charge are overruled. We affirm the judgment.

Chief Justice GRAY concurs in the judgment but not the opinion of the court.