NO. 07-06-0010-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 25, 2007

_____


LARRY BRENT KITCHENS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2305; HONORABLE GORDON H. GREEN, JUDGE

_____


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Larry Brent Kitchens, was convicted of the offense of capital murder and sentenced to life. By his first two issues, Appellant alleges the trial court committed reversible error by denying his motion to quash the indictment and by overruling his

objection to the court's charge. By a third and final issue, he alleges that the evidence is legally insufficient to support the conviction for capital murder. Finding no error, we affirm.

## Background Facts

On October 10, 2003, Vince Simnacher, Appellant's ex-wife, Rhonda Kitchens, and other friends gathered at Simnacher's house for a party to celebrate the anniversary of the divorce between Appellant and Rhonda. During the party, Appellant entered the residence with a loaded SKS semi-automatic assault rifle and began shooting. When the shooting was over, Vince Simnacher, Rhonda Kitchens, and Derwin Beauchamp were dead. Appellant left the Simnacher residence, returned to his own residence, and awaited the police. Shortly thereafter, he surrendered himself to a Department of Public Safety trooper and he was transported to the Bailey County Jail. Appellant was charged with capital murder.

The State's theory of the case was that Appellant was upset about the situation surrounding his ex-wife, that he entered the Simnacher residence, without the consent of the owner and with the intent to commit an assault, and that while in the course of committing that burglary, he did intentionally shoot and kill Vince Simnacher.

## Analysis

By his first issue, Appellant contends the trial court erred when it overruled his motion to quash the indictment for failure to allege the constituent elements of the

2

underlying offense of burglary.  Specifically, he complains that the indictment did not allege which theory of burglary the State intended to prove.  That motion was overruled.

A person commits the offense of capital murder if the person intentionally causes the death of an individual in the course of committing or attempting to commit a burglary. Tex. Penal Code Ann. § 19.03(a)(2) (Vernon Supp. 2006).  Under the provisions of § 30.02(a) of the Texas Penal Code, a person commits the offense of burglary if that person enters a habitation, without the effective consent of the owner (1) with intent to commit a felony, theft, or an assault; or (2) commits or attempts to commit a felony, theft, or an assault.  A person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another; intentionally or knowingly threatens another with imminent bodily injury; or intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other person will regard the contact as offensive or provocative.  *Id.* at  § 22.01(a).

The indictment in this case alleges that Appellant "on or about the 10th day of October, 2003, . . . did then and there intentionally cause the death of an individual, namely, Vince Simnacher, by shooting him with a rifle, and [Appellant] was then and there in the course of committing or attempting to commit the offense of burglary of the residence of Vince Simnacher, who was the owner of the residence."

The Court of Criminal Appeals has repeatedly held that an indictment need not allege the constituent elements of the aggravating feature which elevates a murder to

3

capital murder.  *E.g., Alba v. State,* 905 S.W.2d 581, 585 (Tex.Crim.App. 1995) (murder in the course of committing burglary); *Barnes v. State,* 876 S.W.2d 316, 322 (Tex.Crim.App. 1994) (murder in the course of committing burglary); *Beathard v. State,* 767 S.W.2d 423, 431 (Tex.Crim.App. 1989) (murder in the course of committing burglary); *Marquez v. State,* 725 S.W.2d 217, 236 (Tex.Crim.App. 1987), *abrogated on other grounds by* Moody v. State, 827 S.W.2d 875 (Tex.Crim.App. 1992) (murder in the course of committing aggravated sexual assault); *Hogue v. State,* 711 S.W.2d 9, 14 (Tex.Crim.App. 1986) (murder in the course of committing arson); *Hammett v. State,* 578 S.W.2d 699, 708 (Tex.Crim.App. 1979) (murder in the course of committing robbery).

Appellant does not provide any authority which excepts the facts and circumstances of this case from this general rule.  Instead, he argues that it was error to fail to require the State to allege those elements because his ability to prepare his defense was "substantially impacted" by the lack of specific notice as to which theory of burglary the State intended to prove.  He argues that his counsel was forced to attempt to discredit all testimony that could possibly establish any of the theories of burglary that might be argued from the facts of the case.  Under the facts of this case, burglary might be established by showing that Appellant entered the Simnacher residence with the intent to commit a felony, theft, or assault.  Similarly, an assault might be established by showing that Appellant had the intent to cause bodily injury, threaten imminent bodily injury, or make offensive physical contact with Vince Simnacher, Rhonda Kitchens, or any other party guest.

4

While the task presented to Appellant's counsel may have been formidable, the dilemma he faced was no different than that faced by counsel in *Alba, Barnes,* or *Beathard.* We see no compelling reason to distinguish this case from the line of cases which have held that the specific theory of burglary need not be alleged in a capital murder indictment based upon the aggravating offense of burglary. Appellant's first issue is overruled.

By his second issue, Appellant contends the trial court erred by submitting the definition of burglary with intent to commit assault in the charge. He further contends that the submission was error because it authorized the jury to convict him on a theory not alleged in the indictment.

Appellant complains about that portion of the charge that reads as follows:

> A person commits burglary, if, without the effective consent of the owner, the person intentionally or knowingly enters a building and commits or attempts to commit an assault. Assault is committed if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another, . . . (2) intentionally or knowingly threatens another with imminent bodily injury, . . . or (3) intentionally or knowingly causes [offensive physical contact].

Appellant argues that the addition of the elements of burglary, to-wit: entry into a building and the commission or attempted commission of an assault and the addition of the definition of assault constitutes fundamental error because they enlarge the indictment by authorizing a conviction on one or more theories not alleged in the indictment. We disagree.

5

The indictment requires proof of murder intentionally committed "in the course of committing or attempting to commit the offense of burglary. . . ." In order to understand the concept of burglary, the jury was entitled to a statutorily correct definition of burglary. Because the indictment need not allege the specific theory of burglary relied upon by the prosecution, the trial court was limited, not by any specific allegation, but by the evidence. The evidence introduced in this cause supported the State's theory that Appellant entered the Simnacher residence without consent and committed or attempted to commit the offense of assault. As such, the jury was required to understand the proper legal definition of both burglary and assault.

The charge at issue does not permit nor require proof different than that required by the indictment. In order to have a clear understanding of its duty and purpose, the charge of the court should contain a statutorily correct definition of any legal term or phrase that the jury must necessarily use in order to properly resolve an issue. *Watson v. State,* 548 S.W.2d 676, 679 (Tex.Crim.App. 1977)*; Thomas v. State,* 474 S.W.2d 692, 695 (Tex.Crim.App. 1972)*; Parsons v. State,* 191 S.W.3d 862, 864 (Tex.App.–Waco 2006, pet. ref'd); Nguyen *v. State,* 811 S.W.2d 165, 167 (Tex.App.–Houston [1st Dist.] 1991, pet. ref'd). Because the jury was called upon to understand the concepts of both burglary and assault, the trial court did not err by including these definitions. Appellant's second issue is overruled.

By his final issue, relying on *Garrett v. State,* 573 S.W.2d 543 (Tex.Crim.App. 1978), Appellant asserts that the evidence was legally insufficient to support his conviction for capital murder because burglary with intent to commit assault against a specific victim cannot be used to enhance the murder of that victim to capital murder.  In other words, Appellant contends that the indictment in this case required the State to prove that the intended victim of the assault was someone other than the victim of the murder and that the evidence was, therefore, legally insufficient to support the jury's verdict.

At the outset, it should be observed that although Appellant complains about the legal sufficiency of the evidence, his ground is in reality a challenge to the State's theory of prosecution embodied in the indictment.  In *Garrett,* the Court of Criminal Appeals held that a defendant could not be prosecuted for felony murder where the assaultive act resulting in the homicide is relied upon as the felony which boosts the homicide into the murder category.  *See id.* at 545-46.  Because the felony murder rule allows the underlying felony offense to supply the necessary culpable mental state, the court reasoned that the statutory restriction which prohibits manslaughter from being the underlying felony would be circumvented if a felony murder could be predicated on the underlying aggravated assault.  *See id.*  In effect, the Court held that to allow an assault to be used as the felony that makes an offense a felony murder, is to create an offense not authorized by the Legislature because the Legislature had specifically provided that recklessly causing the death of an individual (manslaughter) could not be used as a basis for making a homicide a murder pursuant to § 19.02(b)(3) of the Texas Penal Code. *See id.*  Because the

7

underlying felony assault supplies the necessary culpable mental state for the act of murder, the Court of Criminal Appeals believed that the application of the felony murder rule to those facts was an "attempt to split into unrelated parts an indivisible transaction." *Id.* at 546. This reasoning, however, does not apply in the context of a capital murder predicated upon the commission of a burglary because the State is not creating an offense not authorized or contemplated by the Legislature. Furthermore, unlike *Garrett*, in the capital murder scheme, the intent to cause the death of the individual is wholly independent of the intent to commit the aggravating offense. The murder and burglary are clearly divisible transactions, each with its own requisite mens rea. While the mens rea of the two offenses may overlap, this capital murder scheme does not require a transference of intent from the burglary offense to the murder. Therefore, we find the merger of intent doctrine of *Garrett* to be inapplicable to the prosecution of capital murder under § 19.03(a)(2).

Assuming that the legal sufficiency of the evidence was at issue, for purposes of appellate review, this Court must give deference to "the responsibility of the fact finder to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U. S. 307, 318-19 (1979). *See also Hooper v. State,* 214 S.W.3d 9 (Tex.Crim.App. 2007). When assessing the legal sufficiency of the evidence to support a criminal conviction, the appellate court must consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, a

8

rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson,* 443 U.S. at 318-19; *Hooper*, 214 S.W.3d at 13. Each fact need not point directly and independently to the guilt of the accused, so long as the cumulative force of all the evidence is sufficient to support the conviction. Circumstantial evidence alone is sufficient to establish the guilt of the accused, and the standard of review as to the sufficiency of the evidence is the same for both direct and circumstantial evidence cases. *Hooper*, 214 S.W.3d at 13.

In a legal sufficiency of the evidence review, the essential elements of the offense are those of a hypothetically correct jury charge for the offense in question (*i.e.*, one that accurately sets out the law and adequately describes the offense for which the appellant was tried without increasing the state's burden of proof or restricting the state's theory of criminal responsibility). *Id.* at 14. Therefore, it is important to note that where the indictment and the trial court's charge authorize the jury to convict on more than one legal theory, as they did in this case, the verdict of guilt will be upheld if the evidence is sufficient on any of the theories possible. *Id.*

Applying this analysis to the facts of this case, we must determine whether a rational juror could have found that Appellant intentionally caused the death of Vince Simnacher while in the course of committing a burglary of the Simnacher residence. Here, the State's theory of prosecution would have allowed for a conviction if the jury had found that Appellant entered the Simnacher residence with the intent to (1) cause bodily injury, (2)

9

threaten to cause imminent bodily injury, or (3) make offensive physical contact with Vince Simnacher, Rhonda Kitchens, or any other party guest in attendance. Therefore, in reviewing the sufficiency of the evidence we must consider each possibility.

It is undisputed that Appellant entered the Simnacher residence without the effective consent of the owner, and thereafter caused the death of Vince Simnacher. What Appellant disputes is whether the evidence is legally sufficient to establish that he entered the residence with the intent to (1) cause bodily injury, (2) threaten to cause imminent bodily injury, or (3) make offensive physical contact with Vince Simnacher, Rhonda Kitchens, or any other party guest in attendance. In that regard, the evidence shows that Appellant was upset about his divorce from Rhonda and her involvement with Vince, that he was aware that both Rhonda and Vince were at the Simnacher residence, and that he was angry about there being a party to "celebrate" the anniversary of their divorce. The testimony of Teresa Raylene Ott indicates that Appellant had previously threatened to kill Vince Simnacher. She further testified that on the night of the shooting, she had spoke with Appellant by telephone and quoted him as saying, "I ought to come over there and kill every mother fucking one of y'all." Another person present at the time of the shooting, William Welch, also quoted Appellant as saying, "You son (sic) of bitches didn't think I would do it," as he began to shoot. Even if the State were required to establish that the intended victim of the assault was someone other than Vince Simnacher, the evidence was legally sufficient to support the jury's verdict. Appellant's third issue is overruled.

## Conclusion

Accordingly, having overruled Appellant's three issues, we affirm the trial court's judgment.

Patrick A. Pirtle
Justice

Publish.