Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00420-CR

Musheer Qaid **ALI**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-7421
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 26, 2009

AFFIRMED

Appellant Musheer Qaid Ali was found guilty by a jury for the murder of Kimberly

Espinoza.  The trial court subsequently sentenced Ali to life imprisonment.  On appeal, Ali

contends the jury charge denied him the right to a unanimous verdict.[1]

---

[1]  We note that in his Amended Brief, Appellant Ali also argued the evidence was factually insufficient to sustain his conviction.  However, Ali withdrew this argument in his Reply Brief dated May 1, 2009.

## BACKGROUND

On June 11, 2006, Kimberly Espinoza and LaKeisha Stevens planned a night with friends. Throughout the evening the two women went to several different venues where they encountered Ali. Several times throughout the night, Kimberly and Ali argued. Around 4:20 a.m., Kimberly and LaKeisha left Kimberly's apartment with plans to stay at LaKeisha's grandmother's house. As they were traveling down IH-35, with LaKeisha driving the vehicle and Kimberly in the passenger seat, LaKeisha heard what she thought were rocks hitting her vehicle. To her surprise, however, Kimberly responded, "It's not rocks. It's Ali trying to kill me."

Both LaKeisha and Kimberly identified Ali as the shooter to several different officers. LaKeisha suffered four gunshot wounds to her right side. At the time of trial, LaKeisha still had one bullet in her back. Kimberly, however, died shortly after arriving at Brooke Army Medical Center.

## JURY CHARGE

In order to support a conviction, Texas law requires a unanimous verdict in criminal cases. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. arts. 37.02, 37.03 (Vernon 2006). A trial court's failure to require unanimity is error. *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). In other words, every juror must agree that "the defendant committed the same, single, specific criminal act." *Id.* Unanimity, however, is generally not required with regard to the alternate modes or means of committing the offense. *London v. State*, No. 05-07-00983-CR, 2008 WL 5102975, at *6 (Tex. App.—Dallas Dec. 5, 2008, pet. ref'd). The core question, in the case at hand, is whether the jury charge disjunctively charged (1) alternate theories of committing the same offense or (2) two or more separate offenses.

## A. Standard of Review

Appellate review of error in failing to properly instruct the jury is conducted under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g), *overruled on other grounds by Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988). Under *Almanza*, the standard of review for jury charge error turns on whether the defendant properly objected at trial. *Id.*; *see Mann v. State*, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998). In analyzing a jury charge complaint, we first determine whether error exists in the charge and, then, if there was error, whether sufficient harm resulted from the error to compel reversal. *Ngo*, 175 S.W.3d at 743-44. An error that has been properly preserved is reversible unless it is harmless. *Almanza*, 686 S.W.2d at 171. Here, the objection was preserved at trial.

## B. Disjunctive Charge

Ali first contends that the trial court erred by disjunctively submitting the State's theories of conviction without requiring that the jury reach a unanimous verdict on the third theory of conviction, specifically section 19.02(b)(3)'s provision that during the course of committing a felony, Ali "commit[ted] or attempt[ed] to commit an act clearly dangerous to human life that caused the death of [Kimberly Espinoza]." TEX. PENAL CODE ANN. § 19.02(b)(3) (Vernon 2003).

When reviewing a disjunctive jury charge, an appellate court first determines "whether the separate application paragraphs contain different criminal acts or whether they merely instruct as to different means of committing a single offense." *Holford v. State*, 177 S.W.3d 454, 461 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *see also Ngo*, 175 S.W.3d at 744. If the disjunctive paragraphs merely inform the jury of different means of committing a single offense, the jury need not unanimously agree on which alternative means the defendant used to commit

the offense. *Holford*, 177 S.W.3d at 462; *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

This case is analogous to *Aguirre v. State*, wherein the court's charge, in pertinent part, provided for a conviction of murder if Aguirre:

> "did then and there unlawfully intentionally or knowingly cause the death of Elizabeth Aguirre by shooting her with a gun.["]
>
> "And the Defendant did . . . unlawfully intentionally and knowingly attempt to commit and did commit a felony, to wit: Criminal Mischief and in the course of and in furtherance of the said felony did then and there attempt to commit and did commit an act which was clearly dangerous to human life, to wit: shooting a gun into an occupied dwelling which said act caused the death of Elizabeth Aguirre."

*Aguirre v. State*, 732 S.W.2d 320, 324 (Tex. Crim. App. 1987) (op. on reh'g). Similarly, the present charge allowed the jury to convict Ali of Kimberly Espinoza's murder upon a finding that Ali:

> did intentionally or knowingly cause the death of an individual, namely Kimberly Espinoza, by shooting Kimberly Espinoza with a deadly weapon, namely a firearm; or
>
> . . . .
>
> did commit an act clearly dangerous to human life that caused the death of Kimberly Espinoza, by shooting Kimberly Espinoza with a deadly weapon, namely, a firearm; or
>
> . . . .
>
> did commit the felony offense of deadly conduct, and while in the course of and in furtherance of or in immediate flight from the commission [of] the offense, Musheer Ali did intentionally or knowingly commit an act clearly dangerous to human life, to wit, discharging a deadly weapon, namely a firearm, at or in the direction of Kimberly Espinoza, thereby causing the death of Kimberly Espinoza.

Ali claims the trial court erred by failing to require the jury reach a unanimous verdict on the felony-murder application paragraph. We disagree. In *Garrett v. State*, 573 S.W.2d 543 (Tex. Crim. App. 1978), the Court of Criminal Appeals held that "[t]here must be a showing of felonious criminal conduct other than the assault causing the homicide" to support a murder

conviction under the felony murder rule. *Id.* at 546. This is because the statutory restriction which prohibits manslaughter from being the underlying felony would be circumvented if a felony murder could be predicated on the underlying aggravated assault. Departing from the overly broad review required in *Garrett*, the court subsequently restricted *Garrett* explaining that "hereinafter [*Garrett*] stands only for the proposition that a conviction for felony murder under section 19.02(b)(3), will not lie when the underlying felony is manslaughter or a lesser included offense of manslaughter." *Johnson v. State*, 4 S.W.3d 254, 258 (Tex. Crim. App. 1999).

In the present case, the underlying felony charged in Ali's felony-murder paragraph was deadly conduct. Notably, in *Price v. State*, No. 04-04-00886-CR, 2006 WL 927282, at *2 (Tex. App.—San Antonio Apr. 12, 2006, pet. ref'd) (mem. op., not designated for publication), this court held that the felony offense of deadly conduct is not a lesser included offense of manslaughter because "[i]n establishing deadly conduct, the State must prove that [the defendant] knowingly discharged a firearm, a fact not required to establish the commission of manslaughter, and deadly conduct requires proof of knowing conduct, which is a more culpable mental state than the recklessness required for manslaughter"; thus, deadly conduct is not a lesser-included offense of manslaughter. Therefore, the trial court did not err in submitting the alternate means of committing murder disjunctively, and the jury charge appropriately instructed the jury and did not allow a less than unanimous verdict. *See Kitchens*, 823 S.W.2d at 258. We, therefore, overrule this issue on appeal.

## C. Jury Unanimity

Ali next asserts the trial court erred in failing to submit a unanimity instruction with regard to the felony-murder paragraph of Penal Code section 19.02(b). Not only must a jury reach a unanimous verdict, but the jury must agree that the defendant committed one specific

crime. *See Stuhler v. State*, 218 S.W.3d 706, 716-19 (Tex. Crim. App. 2007); *Ngo*, 175 S.W.3d at 745; *Francis v. State*, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000) ("The unanimity requirement is undercut when a jury risks convicting the defendant on different acts, instead of agreeing on the same act for a conviction.") (citing *United States v. Holley*, 942 F.2d 916, 925 (5th Cir. 1991)). That does not mean, however, that the jury must unanimously find that the defendant committed that crime in one specific way or even with one specific act. *See, e.g.*, *Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006) (holding that any "'act or omission' constitute[s] the means of committing the course of conduct element of injury to a child").

In *Schad v. Arizona*, 501 U.S. 624 (1991), the Supreme Court explained that when the *actus reus* was "murder," all twelve jurors had to agree that the defendant had committed the murder. *See id.* at 630. The jury did not, however, have to be unanimous on the issue of whether the defendant murdered with premeditation or in the course of committing a robbery. *Id.* at 631. To the contrary, the focus is not on *how* the defendant committed the murder, but *whether* he committed the murder. *Id.* at 631-32; *accord Ngo*, 175 S.W.3d at 745-46. The *Schad* Court explained:

> We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission . . . . In these cases, as in litigation generally, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly, there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict."

*Schad*, 501 U.S. at 631-32 (quoting *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring) (footnote omitted)); *see Ngo*, 175 S.W.3d at 746.

Yet, here the indictment provides two different means of committing the same offense, i.e., a single offense with multiple mens rea possibilities. "'[W]here the legislature has specified

that any of several different mental states will satisfy the intent or mens rea element of a particular crime, unanimity is not required on the specific alternate mental state as long as the jury unanimously agrees that the state has proven the intent element beyond a reasonable doubt.'" *Jefferson v. State*, 189 S.W.3d 305, 311 (Tex. Crim. App. 2006) (quoting *State v. Johnson*, 627 N.W.2d 455, 460 (Wis. 2001)). Moreover, when the "indictment did not allege different offenses but only allege[s] different ways of committing the same offense," the submission of a general verdict is appropriate. *Aguirre*, 732 S.W.2d at 325-26. We find no distinction in this case.

Ali was indicted for a single act: the murder of Kimberly Espinoza. The charge required the jury to determine whether Ali was guilty of the offense of murder. More specifically, the charge required the jury be unanimous as to whether Ali murdered Kimberly Espinoza. The jury was not required to unanimously agree on the factual issues of Ali's mental state when he killed Kimberly, as long as the jury unanimously agreed on the ultimate issue that Ali murdered Kimberly. *See Jefferson*, 189 S.W.3d at 311 (quoting *Johnson*, 627 N.W. 2d at 460) (discussing that jury "'unanimity is generally not required on the alternate modes or means of commission'" of an offense); *Kitchens*, 823 S.W.2d at 258 (explaining that the unanimity requirement is not violated when the jury has the option of choosing between alternate modes of commission); *Aguirre*, 732 S.W.2d at 326. As such, the trial court's charge was not in error and we overrule this issue on appeal.

## D. Jury Unanimity in Penal Code Section 19.02(b)

Ali next requests this court to overrule its previous decision in *Garcia v. State* and adopt Justice Dauphinot's dissent in *Bundy v. State*—that the elements of intentional murder and committing an act clearly dangerous to life are not merely descriptive, but require different

essential elements. *See Garcia v. State*, 246 S.W.3d 121, 141-42 (Tex. App.—San Antonio 2007, pet. ref'd) (rejecting the conclusion that Penal Code section 19.02(b) subsections (1) and (2) contain distinct offenses and allow for a non-unanimous verdict); *Bundy v. State*, 280 S.W.3d 425, 437 (Tex. App.—Fort Worth 2009, pet. ref'd) (Dauphinot, J., dissenting) (concluding that Penal Code 19.02(b) subsections (1) and (2) "are mutually exclusive because they have contradicting or additional elements").

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual, or intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. *Id.*; *see also Lugo-Lugo v. State*, 650 S.W.2d 72, 80 (Tex. Crim. App. 1983) (murder is "committed when the conscious objective or desire of the perpetrator was to cause death or where the perpetrator was aware that his conduct was reasonably certain to cause death"). Ali argues that since the guilt question did not require the jury to specify which statutory provision (i.e., Penal Code section 19.02(b)(1) or Penal Code section 19.02(b)(2)) applied, the charge failed to require a unanimous verdict. *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (2) (Vernon 2003).

As previously explained, whether Ali intentionally caused Kimberly Espinoza's death, or whether Ali intended to cause Kimberly serious bodily injury and committed an act clearly dangerous to human life that caused Kimberly's death, only a single crime of murder was committed. *See Jefferson*, 189 S.W.3d at 312 (discussing means of committing course of conduct element of injury to a child); *Yost v. State*, 222 S.W.3d 865, 877 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) ("[J]urors are not required to agree on the defendant's specific mental state; rather, they need only agree that the defendant possessed one of the alternate mental states that satisfy the element of intent under the statute."). As we previously averred in *Garcia*,

we reject Ali's argument that the jury charge alleged two separate statutory offenses of murder, allowing the jury to return a non-unanimous verdict of guilty. Furthermore, the Court of Criminal Appeals has consistently held that the subsections of section 19.02(b) provide alternative methods or means of committing the same offense. *See Aguirre*, 732 S.W.2d at 326 (determining that the indictment did not allege different offenses, but only alleged different ways of committing the same offense); *Jefferson*, 189 S.W.3d at 311 (clarifying that the statute establishes different modes or means by which a single offense may be committed). We, therefore, decline Ali's request to overturn a well-established area of the law, and we overrule Ali's last issue on appeal.

## CONCLUSION

The charge in this case allowed the jury to convict Ali of only one offense—the murder of Kimberly Espinoza. Ali was convicted under a statute and jury charge that did not describe different offenses with different elements, but instead set forth different methods of committing the same offense. *See Aguirre*, 732 S.W.2d at 326; *Gandy v. State*, 222 S.W.3d 525, 529 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). "Although the conduct [of Penal Code section 19.02(b) subsections 1, 2, and 3] is distinctly different, the three methods of committing murder set forth in the statute are different manner and means of committing the same offense, not distinct and separate offenses." *Gandy*, 222 S.W.3d at 529. Accordingly, because we conclude the jury charge contained no error, we need not address whether appellant suffered any harm. *See Ngo*, 175 S.W.3d at 743. We, therefore, affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH