IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






No. AP-76,102






EX PARTE GREGORY LYNN SMITH, Applicant







On Application for a Writ of Habeas Corpus from

Case No. 31558CR of the 40th Judicial District Court of

Ellis County





 Womack, J., delivered the opinion of the Court, in which Meyers,
Price, Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ.,
joined. Keller, P.J., concurred in the judgment.



 This is a post-conviction application for a writ of habeas corpus brought pursuant to
Article 11.07 of the Code of Criminal Procedure. The applicant seeks relief from a conviction for
unlawful possession of firearm.

 The indictment alleged that he intentionally or knowingly possessed a firearm on or about
September 6, 2006, before the fifth anniversary of his having been released from community
supervision, he having been convicted of the felony offense of possession of controlled substance
with intent to deliver on August 5, 2005.

 When he was found to be in possession of a firearm (which is not disputed) the applicant
was on deferred-adjudication community supervision for the second-degree felony offense of
possession of controlled substance.

 The applicant pleaded guilty to the indictment and was sentenced to the maximum
punishment of ten years in prison. The trial court ordered that the sentence run concurrently with
the twenty-year sentence that it imposed in the controlled-substance case after adjudicating the
defendant guilty.

 The applicant seeks relief from the possession-of-firearm conviction on three grounds:
insufficient evidence of guilt, ineffective assistance of counsel, and unknowing and involuntary
plea.

Insufficient Evidence


 Petitioners may not, in post-conviction habeas corpus, collaterally attack the sufficiency
of the evidence to support the conviction. (1) Even if the attack could be made, we notice that the
applicant judicially confessed to committing the offense, which was sufficient evidence to
support a plea of guilty.

Ineffective Assistance of Counsel and Unknowing and Involuntary Plea


 Ineffective assistance of counsel may be a ground for habeas-corpus relief after
conviction. The question is whether the applicant has shown that counsel's performance was
deficient. There is a strong presumption that counsel's performance was adequate. The applicant
must identify acts or omissions that were outside the wide range of professional competence. (2)

 The applicant alleges that counsel's performance at trial was deficient because he failed
to investigate applicant's criminal history concerning prior felonies. "Applicant was not a
convicted felon," and counsel should have known that.

 Similarly, the applicant alleges that he did not understand that, because his deferred
adjudication was not a final conviction, he was not a convicted felon. Therefore his plea was
unknowing and involuntary.

Discussion


 The indictment alleged a violation of the following provisions of the most recent version
of the Unlawful Possession of Firearm statute, Section 46.04 of the Penal Code (effective
September 1, 2003):

 (a) A person who has been convicted of a felony commits an offense if he
possesses a firearm:


 (1) after conviction and before the fifth anniversary of the person's
release from confinement following conviction of the felony or the
person's release from supervision under community supervision, parole, or
mandatory supervision, whichever date is later; .


 On its face, the statute seems to make it an offense for a "person who has been convicted
of a felony" to possess a firearm "after conviction" and "before the fifth anniversary" of either of
two events:

 (A) "the person's release from confinement following conviction of the felony, or

 (B) "the person's release from supervision under community supervision, parole, or
mandatory supervision."

 Therefore the class of persons who have "been convicted of a felony," as that term is
used in Section 46.04, includes those in any of three circumstances:

 (1) those who have been in "confinement,"

 (2) those who have been supervised under parole or mandatory supervision -- all
of whom will have been in confinement, since parole (3) and mandatory supervision (4)
involve release after a final conviction, and

 (3) those who have been under "community supervision," which may not involve
confinement. As defined in the Code of Criminal Procedure, "'Community supervision'
means the placement of a defendant by a court under a continuum of programs and
sanctions, with conditions imposed by the court for a specified period during which:

 "(A) criminal proceedings are deferred without an adjudication of guilt; or

 "(B) a sentence of imprisonment or confinement, imprisonment and fine, or
confinement and fine, is probated and the imposition of sentence is suspended in whole or
in part." (5)

 Whether the Unlawful Possession of Firearm statute applies to a person who is, or has
been, on deferred-adjudication community supervision is not clear.

 The statute begins by limiting the class of offenders to the "person who has been
convicted," and it repeats that the offense is committed by possession of a firearm "after
conviction." Deferred adjudication is distinguished from other forms of community supervision
in that the defendant is not found guilty. It may be, and has been, said that it is not a conviction:
"The essence of deferred adjudication is that the defendant is placed on community supervision
without a finding of guilt and without being convicted of any offense." (6)

 Another statute that deals with firearms, regulating the carrying of concealed handguns,
gave "convicted" a special definition that included deferred adjudication:

 "'Convicted' means an adjudication of guilt or, except as provided in Section
411.1711, an order of deferred adjudication entered against a person by a court of
competent jurisdiction whether or not the imposition of the sentence is
subsequently probated and the person is discharged from community supervision.
The term does not include an adjudication of guilt or an order of deferred
adjudication that has been subsequently:

 (A) expunged; or

 (B) pardoned under the authority of a state or federal official." (7)


A related statute created an exemption from the status of being "convicted" for some persons
who were on deferred adjudication. (8)

 Whether a person who is on deferred adjudication has been "convicted" as that term is
used in the Unlawful Possession of Firearm statute need not be resolved today. The claim before
us is that the applicant was denied effective assistance of counsel when his attorney allowed him
to plead guilty without raising this question in the trial court. We think that this may not be called
ineffective assistance. For one thing, as we have explained, the issue of the proper construction
of the statute was unresolved and remains unclear. In such circumstances, counsel usually may
not be held to have rendered ineffective assistance. (9)

 For another, the circumstances of the case must be taken into account. The applicant was
on deferred adjudication for a felony of the second degree; he faced a twenty-year sentence for
any violation of the conditions of supervision. He also pleaded guilty to several other felony
offenses, with the agreement that the sentences in those cases, like the sentence in this case,
would run concurrently with the twenty-year sentence.

 Given the unsettled state of the law regarding the possession of firearm statute, and the
agreement for concurrent sentencing in that case and other cases, we do not think that counsel's
advice to plead guilty to the firearm offense can be called ineffective assistance.

 Relief is denied. 


Delivered September 30, 2009.

Publish.
1. Ex parte Easter, 615 S.W.2d 719, 721(Tex. Cr. App. 1981).
2. See Strickland v. Washington, 466 U.S. 668, 687-91 (1984).
3. "'Parole' means the discretionary and conditional release of an eligible inmate sentenced to the
institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the
pardon and paroles division." Gov't Code § 508.001(6).
4. "'Mandatory supervision' means the release of an eligible inmate sentenced to the institution division so
that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the
pardons and paroles division." Id., § 508.001(5).
5. Code Crim. Proc. art. 42.12, § 2.
6. George E. Dix & Robert O. Dawson, Texas Practice - Criminal Practice and Procedure § 39.51 (2001). 
7. Gov't Code § 411.171.
8. Id., § 411.1711.
9. See Ex parte Chandler, 182 S.W.3d 350, 358 (Tex. Cr. App. 2005); Ex parte Welch, 981 S.W.2d 183,
184 (Tex. Cr. App. 1998) ("[W]e will not find counsel ineffective where the claimed error is based upon unsettled
law").