IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-79,232-03 AND 79,232-04






EX PARTE RODNEY WAYNE BIEHLE, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 11-1288-K26B AND 11-1540-K26B IN THE 26TH DISTRICT COURT


FROM WILLIAMSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
with intent to deliver methamphetamine and possession of marihuana and was sentenced to
concurrent terms of ten and two year in prison. He did not appeal the convictions.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel did
not seek to suppress drug evidence obtained from the search of his home. (1) He alleges the 911 call
that prompted the investigation and search did not originate from his house as police had claimed,
and he argues that had counsel challenged the search and seizure, the drug evidence would have been
suppressed, leaving no evidence showing that he committed the offenses. Applicant has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte
Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). There is no response from Applicant's trial
counsel in the record provided to this Court, and additional information is needed to resolve the
controverted factual issues. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. 

 The trial court shall order Applicant's trial counsel to respond to the claim of ineffective
assistance. Counsel shall explain his representation of and advice to Applicant and shall address
Applicant's claim concerning the origin of the 911 call that prompted the police investigation and
search and whether a motion to suppress was considered. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief. 


 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 12, 2013

Do not publish
1. Applicant also claims that there was insufficient evidence showing he knowingly and intentionally possessed
the methamphetamine and marijuana found in his home. The claim is barred from habeas review. See Ex parte Easter,
615 S.W.2d 719 (Tex. Crim. App. 1981). Moreover, it lacks merit because Applicant told police that he had lived at the
home for the previous two years with the home's owner and that he knew the home owner had been manufacturing
methamphetamine and growing marihuana. Applicant's fingerprint was found on a jar containing chemicals that appear,
as described in the probable cause affidavit, to have been a methamphetamine mixture, and he admitted to smoking
marijuana from the garden during the time he lived at the home.