Ray NEFF, Appellant,

v.

The STATE of Texas, Appellee.

No. 62061.

Court of Criminal Appeals of Texas.

March 24, 1982.

Eugene Coffey, Corpus Christi, court appointed, for appellant.

William B. Mobley, Jr., Dist. Atty. & Eric Brown, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for involuntary manslaughter. An order granting probation was entered after punishment was assessed at confinement for six years and a fine of $5,000.00.

Appellant's only ground of error complains that the conviction violates "the double jeopardy provisions of the State and Federal Constitutions." The record includes evidence that appellant had been previously indicted for murder in Cause No. 78–CR–191–C. In that trial, the court charged the jury on murder and aggravated assault and the jury found appellant guilty of the latter offense. Appellant then filed a motion for new trial alleging that the trial court erred in charging the jury on the offense of aggravated assault. The motion was granted and appellant was then indicted for involuntary manslaughter. Appellant now argues that the former trial operated as an acquittal of the offense of aggravated assault and thus, double jeopardy bars any subsequent prosecution for greater offenses that include aggravated assault. It is then contended that involuntary manslaughter is a greater offense that includes aggravated assault.

A comparison of the charge on aggravated assault in the former trial and the statutory elements for involuntary manslaughter indicates that the second trial was not violative of double jeopardy provisions. Because of the variance in the required culpable mental states, it is impossible for aggravated assault as submitted in the first trial to be a lesser included offense to involuntary manslaughter.

The culpable mental state for involuntary manslaughter under V.T.C.A., Penal Code Sec. 19.05 is "recklessly" whereas the theory of aggravated assault submitted to the jury in the former trial required a finding of "knowingly and intentionally." This distinction causes the complaint to be without merit.

Appellant's ground of error is overruled and the judgment is affirmed.