NO. 07-98-0397-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 11, 2000

______________________________

SCOTT MATTISON LAWSON,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-98C-030; HON. DAVID WESLEY GULLEY, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Scott Mattison Lawson appeals his conviction for murder.
(footnote: 1)  In his sole point of error he argues that the merger doctrine applicable to the felony murder rule requires a reversal because the State improperly alleged aggravated assault as the offense precedent to the murder.  We affirm once again.

Background

On February 21, 1998, appellant, Lee Rogers, and several other individuals were together at a friend’s home drinking beer.  At some point during the group’s revelry, appellant and Rogers got into an argument that eventually deteriorated into a fist fight.  During the fray, appellant drew a knife and stabbed Rogers several times in the arms, buttocks and legs.  One of the blows severed Rogers’s right common iliac vein, which resulted in his bleeding to death.

Thereafter, appellant was indicted for murder under section 19.02(b)(3) of the Texas Penal Code.  In pertinent part, the indictment stated that he:

did . . . intentionally and knowingly cause and attempt to commit a felony, to-wit: Aggravated Assault, and in the course of and in furtherance of the commission or attempt, . . . [appellant] did commit an act clearly dangerous to human life, to-wit: stabbed LEE ROGERS with a knife and caused the death of LEE ROGERS . . . .

While lodging no objection to the indictment, appellant asserted in a motion for instructed verdict that he could not properly be charged with murder.  This was allegedly so because some offense other than the assault which ultimately caused death had to have been pled as the predicate offense.  Otherwise, he could not be convicted of felony murder.  He renews that argument here.

Analysis

The Penal Code contains three modes through which a murder can be committed.  The one applicable here is described under section 19.02(b)(3) of the Code and is commonly known as felony murder.  Thereunder, one can be convicted of murder if he causes the death of an individual while committing an act clearly dangerous to human life in furtherance of the commission or attempted commission of a felony other than manslaughter.  
Tex. Penal Code Ann.
 § 19.02(b)(3) (Vernon 1994).  As can be seen, the state legislature deigned to exclude only manslaughter from the category of felonies which may serve as the predicate offense.  Nothing is said of any other.  

Yet, through judicial fiat, the Texas Court of Criminal Appeals, in  
Garrett v. State
, 573 S.W.2d 543 (Tex. Crim. App. 1978)
, did that which the state legislature opted to forego.  That is, it expanded the category of crimes unavailable for use as the predicate offense in a felony murder prosecution.  Since its issuance, however, that opinion has been honored more in its breach than in its adherence.  Indeed, courts, including the highest criminal court in this state, endeavored to distinguish and, thereby, nullify it, as illustrated in 
Rodriguez
 
v. State
, 953 S.W.2d 342, 353-54 (Tex. App.--Austin 1997, pet. ref’d)
.  
See Johnson. v. State
, 4 S.W.3d 254, 255-57 (Tex. Crim. App. 1999) (describing the inconsistent history of 
Garrett
).  Nevertheless, with the advent of 
Johnson v. State
, attempt was made to “put an end [to] any confusion” wrought by the troubled opinion.  
Johnson v. State
, 4 S.W.3d at 258.  And, in doing so, our Court of Criminal Appeals limited 
Garrett
’s scope.  No longer are we to read it as creating a general “‘merger doctrine.’”  
Id.
  Rather, we are told that it now “stands only for the proposition that a conviction for felony murder . . . will not lie when the underlying felony is manslaughter or a lesser included offense of manslaughter.”  
Id.
  So, whether 
Garrett
 and its “merger doctrine” bars one’s conviction for felony murder is solely dependent upon whether the predicate offense is manslaughter or a lesser included offense thereof.  
Id.
  With that said, we turn to the dispute before us.

Appellant argues that aggravated assault is a lesser included offense of manslaughter.  To the extent that the proposition may be generally true, it is not when the State avers, through the indictment, that the accused intentionally or knowingly committed the crime.  
Neff v. State
, 629 S.W.2d 759, 760 (Tex. Crim. App. 1982).  That is, statute makes criminal an assault that is done either intentionally, knowingly, or recklessly.
  Tex. Penal Code Ann
.
 § 22.01(a)(1) (Vernon 1996).  Thus, the State is entitled to secure conviction by alleging (and later proving) that the accused acted with any of the three aforementioned 
mens rea
.   Nevertheless, according to 
Neff
, when the 
mens rea
 alleged in the indictment omits reference to recklessness, the assault averred is not such a lesser included offense of manslaughter.  
Neff v. State
, 629 S.W.2d at 760. 

Next, as previously alluded to, the State alleged via the indictment at bar that appellant “did . . . intentionally and knowingly cause and attempt to commit a felony, to-wit: Aggravated Assault . . . .”  In other words, the State accused appellant of committing the aggravated assault with an intentional and knowing mind set.  Moreover, nothing was said of his acting recklessly.  And, because of that, it cannot be said that the aggravated assault with which appellant was charged constituted a lesser included offense of manslaughter.  
Neff v. State, supra
.  Consequently, we must reject appellant’s contention that 
Garrett
 and the merger doctrine, as limited by 
Johnson
, barred his conviction.

Accordingly, the judgment is reaffirmed.

Brian Quinn

            Justice

Publish.

FOOTNOTES
1:
1
 The appeal returns to us via the directive of the Texas Court of Criminal Appeals.  It vacated our prior decision and remanded the cause to enable us to consider the impact, if any, of 
Johnson v. State
, 4 S.W.3d 254 (Tex. Crim. App. 1999) upon the dispute.