State Motion for Rehearing Overruled, Opinion issued
May 14, 2009 withdrawn; Reversed and Remanded and Substitute Opinion on
Rehearing filed October 22, 2009.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00288-CR

___________________

 

Andrew Woodard, Appellant

 

v.

 

The State of Texas, Appellee



 



 

On Appeal from the 412th District Court

Brazoria County, Texas



Trial Court Cause No. 53,468

 



 

 

SUBSTITUTE OPINION

We
deny the State’s motion for rehearing, withdraw our opinion issued May 14,
2009, and issue this substitute opinion in its place.

Appellant,
Andrew Woodard, was acquitted of murder, the only offense described in the
felony indictment.  However, he was convicted of conspiracy to commit
aggravated robbery, a crime that (1) was not set forth in the indictment and
(2) is not a lesser-included offense of the crime for which he was indicted.

The
State concedes the trial court erred by submitting the unindicted offense but
nevertheless urges us to affirm the conviction on harmless-error grounds.  We
hold appellant was egregiously harmed by the deprivation of his valuable constitutional
right to notice of the criminal charges brought against him.  Therefore, we
reverse appellant’s conviction for the unindicted crime of conspiracy to commit
aggravated robbery, and remand this case to the trial court with instructions
to enter an order of acquittal for the indicted charge of murder.

I.

Background

On
August 8, 2006, appellant drove three other men to the boat docks in Freeport,
where the group planned to sell fake cocaine—that is, Tylenol crushed to
resemble powdered cocaine—to the complainant, Hien Van Ha.  When they arrived,
appellant remained with the car while two of the other men, Kevin Pipkins and
an unidentified black male, boarded the shrimp boat where the complainant
resided.  While they were on board, appellant heard a gunshot from the boat. 
The men then returned to the car.  Appellant saw that Pipkins was carrying the
complainant’s wallet, which he discarded as they drove away.  The next morning,
the boat’s owner discovered the body of the complainant, who had been killed by
a single gunshot to the head.

Pipkins
was tried for, and convicted of, the murder of the complainant.  In addition,
on February 21, 2007, the grand jury also returned an indictment charging appellant
with murder.  Under the Texas Penal Code, one commits the offense of murder if
he:

(1) intentionally or knowingly causes the death of an
individual;

(2) intends to cause serious bodily injury and commits an
act clearly dangerous to human life that causes the death of an individual; or

(3) commits or attempts to commit a felony, other than
manslaughter, and in the course of and in furtherance of the commission or
attempt, . . . he commits or attempts to commit an act clearly dangerous to
human life that causes the death of an individual.

Tex. Penal Code Ann. § 19.02(b) (Vernon 2003).  Appellant was
charged with murder under sections (b)(1) and (b)(2) but not section (b)(3),
commonly known as “felony murder.”[1]  Further, the
indictment omits any mention of the potential offenses of robbery, aggravated
robbery, or criminal conspiracy.  

Appellant
was tried for the charged offense of murder.  At the beginning of trial, the
court read the grand jury’s murder indictment aloud and then asked appellant,
“Mr. Woodard, to the charge as alleged against you in the indictment how
do you plead, guilty or not guilty?”[2]  Appellant
replied, “Not guilty.”

At
the conclusion of trial, notwithstanding the specific offense described in the
grand jury’s indictment, the trial court submitted a charge authorizing the
jury to convict appellant not only of murder, but also “the lesser offense of” conspiracy
to commit aggravated robbery and/or conspiracy to commit robbery.  Significantly,
the record is silent as to who requested the inclusion of these unindicted
offenses or the circumstances under which they were included in the jury
charge.

The
jury acquitted appellant of the indicted crime of murder but convicted him of
conspiracy to commit aggravated robbery, an unindicted offense.  Appellant was
sentenced to twenty-nine years’ confinement and timely appealed, raising two
issues.  First, appellant contends the submission of these unindicted offenses,
which are not lesser-included offenses of the charged crime, violated his
constitutional right to notice of the charges against him.  Second, appellant
claims he did not receive the effective assistance of counsel.  Because we
sustain appellant’s first issue and reverse his conviction, we need not reach
his alternative ineffective-assistance claim.  See Tex. R. App. P. 47.1.

 

II.

Analysis

A.        Standard of Review

We review allegations of charge error under a
two-step process.  See Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim.
App. 1994).  We must first decide whether the charge contains error.  Id. 
If so, then we must determine whether the erroneous charge resulted in sufficient
harm as to require reversal.  Id. at 731–32.

B.        Error in Submission of Unindicted
Offenses

Because constitutional due process guarantees a
defendant’s right to notice of the criminal charges against him, when an
indictment facially alleges a complete offense, as here, the State is limited
to proving the theory alleged in the indictment.  See Schmuck v. United
States, 489 U.S. 705, 717–18 (1989); Stevens v. State, 891 S.W.2d
649, 650 (Tex. Crim. App. 1995); Castillo v. State, 7 S.W.3d 253, 258
(Tex. App.—Austin 1999, pet. ref’d) (citing Fisher v. State, 887 S.W.2d
49, 55, 57 (Tex. Crim. App. 1994)).  Thus, the jury charge may not enlarge the
alleged offense or permit the jury to convict the defendant for a crime
different from that described in the indictment.  Castillo, 7 S.W.3d at
258.

Even so, a defendant may be convicted of an
unindicted offense that is a “lesser-included offense” of the charged crime.  See
Wasylina v. State, 275 S.W.3d 908, 910 (Tex. Crim. App. 2009).  A
lesser-included offense “is established by proof of the same or less than all
the facts required to establish the commission of the offense charged.”  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2003).  Thus, notice of the State’s
intent to prosecute the defendant for the greater offense necessarily suffices
to inform him, by extension, of the possibility of a conviction on the lesser
offense.  See Wasylina, 275 S.W.3d at 910; Jacob v. State, 892
S.W.2d 905, 907 (Tex. Crim. App. 1995).

However, in its brief, the State expressly acknowledges
that criminal conspiracy, including conspiracy to commit aggravated robbery, is
not a lesser-included offense of the murder allegations brought against
appellant.[3]  Accordingly,
the State concedes error in the trial court’s submission of the unindicted
conspiracy charges.  See Castillo, 7 S.W.3d at 258 (citing Fella v.
State, 573 S.W.2d 548, 548 (Tex. Crim. App. 1978)).[4] 
Still, the State argues the erroneous conviction should be affirmed on the
basis that appellant, who did not object to the submission, did not suffer
egregious harm as to require reversal of the judgment.[5]

C.        Harm

The
United States Supreme Court has repeatedly held a conviction cannot stand if
premised upon an offense different from that set forth in the grand jury’s
indictment.  See Schmuck, 489 U.S. at 717; United States v.
Miller, 471 U.S. 130, 142–43 (1985); Stirone v. United States, 361
U.S. 212, 217 (1960).  But the erroneous submission of an unindicted offense,
although unconstitutional, has not yet been described as a “structural defect”
for which reversal is automatic.  See United States v. Gonzalez-Lopez,
548 U.S. 140, 148–49 (2006); Linton v. State, 15 S.W.3d 615, 620 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d); see also Daniels v. State,
754 S.W.2d 214, 222 (Tex. Crim. App. 1988) (observing that jury-charge errors
do not result in automatic reversal).  Thus, we must review the trial court’s
error for harmlessness.  See Gonzalez-Lopez, 548 U.S. at 148; Williams
v. State, 252 S.W.3d 353, 357 (Tex. Crim. App. 2008) (“[M]ost
constitutional errors are subject to a harm analysis . . . .”).

In
the context of jury-charge errors, the standard for assessing harm depends upon
whether the defendant objected to the charge at trial.  See Jimenez v. State,
32 S.W.3d 233, 237 (Tex. Crim. App. 2000).  When, as here, the accused did not
object to the erroneous charge and raises that complaint for the first time on
appeal, he must show fundamental error, that is, the error was “egregious and
created such harm that appellant was denied a fair trial.”  Warner v. State,
245 S.W.3d 458, 461 (Tex. Crim. App. 2008).  Generally, an error results in
egregious harm if it affects the very basis of the case, deprives the defendant
of a valuable right, or vitally affects a defensive theory.  Id. at
461–62.  Therefore, we consider appellant’s contention that he was deprived of
his valuable due-process rights, under both the United States and Texas
Constitutions, to notice of the charges brought against him.

1.         Deprivation of Due-Process Rights

Both
the United States and Texas Constitutions guarantee the rights of a criminal
defendant to know the nature of the charges brought against him.  See
U.S. Const. amend. VI; Tex. Const. art. I, § 10; Sanchez v. State, 182
S.W.3d 34, 44–45 (Tex. App.—San Antonio 2005), aff’d, 209 S.W.3d 117
(Tex. Crim. App. 2006).  This right has been described as “fundamental.”  State
v. Moff, 154 S.W.3d 599, 602 (Tex. Crim. App. 2004).  Such due-process notice
must come from the face of the charging instrument and be specific enough to
allow the defendant to investigate the allegations and prepare a defense.  See
id.; Riney v. State, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000); Sanchez,
182 S.W.3d at 45.  Thus, the defendant need not look beyond the indictment to
determine the charges he must defend and is not required to anticipate any and
all variant facts the State might hypothetically seek to prove.  Riney,
28 S.W.3d at 565; Sanchez, 182 S.W.3d at 45.

 

Here,
the indictment notified appellant he would have to defend against a charge of
murder under the alternative theories of knowingly causing the complainant’s
death or committing a dangerous act with the intent to cause the complainant
serious bodily injury.  See Tex. Penal Code Ann. § 19.02(b)(1), (2). 
However, the indictment did not inform appellant of the State’s intent to pursue
a conviction for conspiracy to commit aggravated robbery.  Because this
omission deprived him of constitutional notice and the chance to prepare an
adequate defense, appellant’s conviction cannot stand.  See Schmuck, 489
U.S. at 717.

Accordingly,
we hold the absence of notice of the conspiracy charges deprived appellant of
due process, a fundamental and valuable right essential to a criminal-justice
system that depends upon notions of fairness.  See Moff, 154
S.W.3d at 602; see also Almanza v. State, 686 S.W.2d 157, 173 (Tex.
Crim. App. 1985) (concluding a conviction upon an unindicted offense would
violate the defendant’s constitutional due-process rights), superseded on
other grounds by rule as stated in Rodriguez v. State, 758 S.W.2d 787 (Tex.
Crim. App. 1988).  Therefore, because the deprivation of a valuable right constitutes
egregious error, we must reverse appellant’s conviction for the unindicted
offense of conspiracy to commit aggravated robbery.  See Warner, 245
S.W.3d at 461–62.

2.         Harm Analysis under Almanza v.
State

On
rehearing, following Trejo v. State,[6]
the State contends we must review appellant’s conviction for harmless error by
applying the factors described in Almanza v. State.  In Trejo, a
panel of this court reversed a conviction on an unindicted offense that was not
a lesser-included offense of the crime charged.  242 S.W.3d 48, 52, 54 (Tex.
App.—Houston [14th Dist.] 2007), vacated, 280 S.W.3d 258 (Tex. Crim.
App. 2009).  Holding the trial court lacked jurisdiction to convict an accused
of an unindicted crime, this court did not review the charge error for harm.  See
id. at 52.

On
petition for discretionary review, the Texas Court of Criminal Appeals announced
that the trial court’s error should not be considered jurisdictional in nature. 
See Trejo, 280 S.W.3d at 261.  Accordingly, the Court remanded Trejo
to this court for a harm analysis.  See id.  Further, the Court directed
this court to assess harm using the factors specified in Almanza:  “[T]he
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information releaved
[sic] by the record of the trial as a whole.”  Id. (quoting Almanza,
686 S.W.2d at 171).

Application
of the Almanza factors to a conviction for a crime “totally different”
from the indicted offense is problematic.  See Almanza, 686 S.W.2d at
173.  While Almanza rejected the notion of automatic reversal for errors
in charging alternative theories of the same offense, that category of “jury charge
error” was understandably seen as different from cases, as here, in which the
accused was convicted of an altogether different, uncharged offense.  See id.
at 173–74.  In fact, the Almanza Court expressly noted, “it is clear
that due process would be violated per se by convicting a person for
murder when he had been indicted for a totally different offense such as
robbery . . . .”  Id. at 173.

Moreover,
the Almanza factors, at best, seem an imperfect test to apply in this particular
context.  That is, to the extent Almanza considers events occurring during
trial, those factors may not be of much assistance in adjudging whether a defendant
suffered harm from the deprivation of (1) requisite pretrial notice of
the charges against him, (2) the opportunity to enter a pretrial plea on
such unindicted offenses, and (3) the ability to prepare a trial strategy to
defend against such charges.  See Tex. Code Crim. Proc. Ann. art.
36.01(a) (Vernon 2007) (prescribing procedure for formal reading of indictment
and entry of defendant’s plea); Martinez v. State, 155 S.W.3d 491, 495
(Tex. App.—San Antonio 2004, no pet.) (explaining rationale of Article 36.01
“is to inform the accused of charges against him”) (citing Warren v. State,
693 S.W.2d 414, 415 (Tex. Crim. App. 1985)).

Nevertheless,
until the Court of Criminal Appeals adopts a different test in this context or
holds such error to be per se harmful absent proof of the defendant’s estoppel,
as an intermediate court, we must follow its directive in Trejo to
consider harm using the Almanza factors.  See Trejo, 280 S.W.3d
at 261; Rodriguez v. State, 47 S.W.3d 86, 94–95 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d) (“This court, as an intermediate appellate court, is
bound to follow the law as declared by the state’s highest courts.  The Court
of Criminal Appeals is the highest court on matters of criminal law, and when
it has deliberately and unequivocally interpreted the law in a criminal matter,
we must adhere to its interpretation.”) (citation omitted).  Having done so, we
focus on the specific facts of this case, and hold appellant was egregiously
harmed by the submission of unindicted offenses.  See Almanza,
686 S.W.2d at 172–73.

a.         Entire Jury Charge

As
to the crime of murder, the language in the charge fairly tracks the
allegations in the indictment, in which appellant was accused of two
alternative theories of the same offense of murder.  See Tex. Penal Code
Ann. § 19.02(b)(1), (2).  The charge also authorized the jury to convict appellant
as a party to the offense of murder.  See id. §§ 7.01, 7.02 (Vernon
2003).  Nevertheless, the jury acquitted appellant of murder, the only offense
alleged in the indictment, under any and all theories advanced by the State.  

Further,
the charge improperly authorized the jury to convict appellant of conspiracy,
an altogether different offense not alleged in the indictment.  See Castillo,
7 S.W.3d at 260–61 (holding defendant suffered egregious harm from charge
authorizing conviction on grounds other than those contained in indictment). 
Thus, although some types of charge error may be corrected or ameliorated by
another portion of the charge, this case does not fall within that category.  See
Ngo v. State, 175 S.W.3d 738, 751 (Tex. Crim. App. 2005) (contemplating
harmless-error when jury charge “is simply missing an important word . . .
which reasonable jurors might infer from the context of the entire charge”). 
Therefore, this Almanza factor weighs in favor of a finding of harm.  See
Frost v. State, 25 S.W.3d 395, 401 (Tex. App.—Austin 2000, no pet.)
(holding defendant was egregiously harmed by conviction on unindicted offense);
Castillo, 7 S.W.3d at 260; Daniels, 754 S.W.2d at 223.

b.         State of the Evidence and Arguments
of Counsel

The
State presents similar arguments with respect to these two Almanza
factors, and we therefore consider them together.  Both arguments are premised
upon the State’s admitted need to prove appellant’s criminal responsibility as
a party to the offense, rather than a direct participant in the complainant’s
shooting.  Thus, the State contends its intent to prove appellant guilty of
participating in a criminal conspiracy was evident at the time of jury
selection, and appellant’s trial counsel therefore could not have been surprised. 
This argument is not convincing, for at least two reasons.

First,
when the State seeks to convict the defendant of murder simply as a party to a
crime rather than the principal actor, as here, the prosecutor’s occasional
reference to a conspiracy does not put the defendant on notice of some intent
to pursue a separate conviction for the unindicted offense of “criminal
conspiracy.” [7]  Instead, in
this context, proof of the existence of a “conspiracy,” that is, an agreement
to commit a crime,[8] is simply one
manner to show the defendant’s solicitation or encouragement of another to
commit an offense, a requisite element to the crime of “murder as a party.”  See
Tex. Penal Code Ann. § 7.02(a)(2).  Further, to the extent the prosecutor’s
word choice might have hinted at the possibility of a conviction for
conspiracy, his immediate request that the jury only “find [appellant] guilty
of Murder” would have eliminated any such misapprehension by the appellant. 
Thus, we disagree with the State’s contention that using the word “conspiracy” during
a murder-as-a-party trial could somehow fairly substitute for formal
notification of the State’s intent to convict appellant of criminal
conspiracy.  See Riney, 28 S.W.3d at 565; Sanchez, 182
S.W.3d at 45.

Second,
the State cites no authority, nor have we found any, for the proposition that a
deprivation of constitutional due process may be cured by providing the
requisite notice after trial has already begun.  See Riney, 28 S.W.3d at
565 (requiring due-process notice to come from face of indictment); see also,
e.g., Weatherby v. State, 61 S.W.3d 733, 739 (Tex. App.—Fort Worth 2001,
pet. ref’d) (Dauphinot, J., concurring) (“There is no such thing as trial by
consent in a criminal case.”) (citing Garcia v. Dial, 596 S.W.2d 524,
527 (Tex. Crim. App. 1980)).

Thus,
after considering the Almanza factors, we hold appellant was egregiously
harmed by the submission of a charge authorizing the jury to convict him for an
unindicted offense.  See Daniels, 754 S.W.2d at 223; Frost, 25
S.W.3d at 401; Castillo, 7 S.W.3d at 260–61.

III.

Conclusion

Because the jury charge improperly allowed the
jury to convict appellant of a crime for which he was not indicted, we hold
appellant was egregiously harmed by the deprivation of his due-process right to
appropriate pretrial notice of the charges against him.  See Almanza,
686 S.W.2d at 172.  Therefore, we must sustain appellant’s first issue.

Accordingly, the trial court’s judgment is
reversed, with instructions to render a judgment of acquittal on the only
charge alleged in the indictment, murder.  See Castillo, 7 S.W.3d at 262
(citing Burks v. United States, 437 U.S. 1 (1978)).  However, our
disposition of this appeal does not preclude the State from seeking a new
indictment for a 

previously unindicted offense.  See
Barnes v. State, 644 S.W.2d 1, 2–3 (Tex. Crim. App. 1982); Castillo,
7 S.W.3d at 262.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

Panel
consists of Justices Seymore, Brown, and Sullivan.

Publish — Tex.
R. App. P. 47.2(b).









[1]  See
Lawson v. State, 26 S.W.3d 920, 921 (Tex. App.—Amarillo 2000), aff’d,
64 S.W.3d 396 (Tex. Crim. App. 2001).





[2]  Emphasis
added.





[3]  See
Littrell v. State, 271 S.W.3d 273, 277 (Tex. Crim. App. 2008) (holding
aggravated robbery can constitute a lesser-included offense of felony murder,
but not as to murder under section 19.02(b)(1)); Ex parte Brosky, 863
S.W.2d 783, 784 & n.4 (Tex. App.—Fort Worth 1993, no pet.) (holding
criminal conspiracy is not a lesser-included offense of murder because
conspiracy, unlike murder, requires proof of an agreement to commit an
offense).





[4]  See also
Flores v. State, 48 S.W.3d 397, 402–03 (Tex. App.—Waco 2001, pet. ref’d)
(holding jury charge to be “fundamentally defective” if it authorizes
conviction on different theory than alleged in the indictment).





[5]  The State
also suggests estoppel as a basis for affirming appellant’s conviction,
repeatedly arguing in its brief that the inclusion of other jury instructions
reveals appellant’s involvement in “apparently request[ing] the lesser
offenses.”  However, the State concedes the record does not directly support
its argument and, while a defendant may not complain about a charge he
requested, we will not presume estoppel from a silent record that does not
reflect who requested the submission of conspiracy charges.  See Trejo v.
State, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009).





[6]  280 S.W.3d
258 (Tex. Crim. App. 2009).





[7]  See
Brosky, 863 S.W.2d at 784 & n.4 (holding conspiracy is not a
lesser-included offense of murder as a party).





[8]  See
Tex. Penal Code Ann. § 15.02(a)(1) (Vernon 2003).