Opinion filed October 24, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00026-CV

_____

## SCOTT MATTISON LAWSON, Appellant

## V.

## TEXAS COURT OF CRIMINAL APPEALS ET AL., Appellees

**On Appeal from the 250th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-11-002913**

### MEMORANDUM OPINION

The trial court granted a plea to the jurisdiction and dismissed Scott Mattison Lawson's suit for declaratory judgment that he filed against the Texas Court of Criminal Appeals; the presiding judge of that court, Sharon Keller; and some of the other Texas Court of Criminal Appeals judges: Barbara P. Hervey, Mike Keasler, Charles R. Holcomb, and Cathy Cochran. Because we agree with the trial court that immunity bars Appellant's suit, we affirm.

## I. *Issue Presented*

Appellant presents the following question on appeal: Did the trial court err when it granted Appellees' plea to the jurisdiction?

## II. *Background Facts*

Before Appellant filed this civil lawsuit, he was convicted of felony murder. The Amarillo Court of Appeals and the Texas Court of Criminal Appeals affirmed that conviction. *Lawson v. State*, 26 S.W.3d 920, 921–22 (Tex. App.—Amarillo 2000), *aff'd*, 64 S.W.3d 396, 397 (Tex. Crim. App. 2001).

Appellant alleged in his declaratory judgment action that the Court of Criminal Appeals, and the named judges, violated his constitutional rights and committed reversible error when they refused to abide by their own court precedent and affirmed his murder conviction. Appellees responded with a plea to the jurisdiction. Appellees alleged that Appellant's claims are barred by sovereign and judicial immunity and that the Declaratory Judgment Act has no application to criminal cases. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.001–.011 (West 2008). After it held a hearing by telephone conference, the trial court granted Appellees' plea to the jurisdiction and dismissed the case.

## III. *Standard of Review*

Because subject-matter jurisdiction is a question of law, we review a trial court's decision on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). We may review the entire record to determine if the facts support jurisdiction in the trial court. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000). A judgment may be reversed only for error that probably caused the rendition of an improper judgment or probably prevented an appellant from presenting his appeal. Tex. R. App. P. 44.1(a).

IV. *Analysis*

Sovereign immunity deprives a trial court of subject-matter jurisdiction and may be properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 226–27. Under the doctrine of sovereign immunity, the State of Texas and its officials are protected from suit unless immunity has been specifically waived by the legislature by clear and unambiguous language. TEX. GOV'T CODE ANN. § 311.034 (West 2013); *Dallas Cnty. Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex. 1998). Sovereign immunity provides immunity from suit and immunity from liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997).

A judge is entitled to judicial immunity from liability for judicial acts performed in his official capacity and within the scope of his jurisdiction. *Dallas Cnty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). To determine whether a judge is protected by judicial immunity, the inquiry is whether he had jurisdiction over the subject matter of the challenged action. *Stump*, 435 U.S. at 356. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356–57 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

Appellees properly asserted both sovereign and judicial immunity in their plea to the jurisdiction. Appellees, as officials of the State of Texas, may claim sovereign immunity, and Appellant has not shown a valid waiver of that immunity. Appellees are also entitled to judicial immunity, as their decision to affirm Appellant's murder conviction constituted judicial action that fell within the scope of their jurisdiction as judges of the Texas Court of Criminal Appeals.

3

Appellees' immunity deprived the trial court of subject-matter jurisdiction and properly resulted in the dismissal of Appellant's suit. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Because we hold that Appellees are protected by sovereign and judicial immunity as a matter of law, we need not address Appellees' additional contention that the Declaratory Judgment Act has no application to criminal cases. Appellant's sole issue on appeal is overruled.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


October 24, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.