**David Lee GARRETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 55305.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 22, 1978.

Melvyn Carson Bruder and Barry P. Helft, Dallas, for appellant.

· Henry M. Wade, Dist. Atty., W. T. Westmoreland, Jr., and James D. Burnham, Asst. Dist. Attys., Dallas, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder wherein appellant was convicted under the provisions of V.T.C.A., Penal Code Sec. 19.02(a)(3), the felony murder rule, for causing the death of an individual by committing an act clearly dangerous to human life in the course of committing a felony.[1] The felony was an aggravated assault on the deceased.[2] The punishment was 68 years in prison.

Appellant, in a confession, admitted going into the Ben Franklin store where the offense occurred to buy some film. He stated that he became involved in an altercation with the clerk at the cash register and pulled a gun he was carrying to scare the clerk. He asserts the gun went off immediately on being pulled from his pocket and that he had no intention of shooting the clerk. Appellant fled the scene without taking anything but turned himself in

1. "(a) A person commits an offense if he:

" . . .

"(3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission of attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual."

2. The indictment, omitting formalities, reads as follows:

"David Lee Garrett . . . did unlawfully commit the felony offense of aggravated assault with a deadly weapon by then and there intentionally and knowingly threatening William V. Ray with imminent bodily injury by use of a deadly weapon, to-wit: a pistol; and while in the course of and in furtherance of the commission of that felony offense he did then and there commit an act clearly dangerous to human life, to-wit: he pulled a loaded pistol out of his pocket to scare the said William V. Ray; thereby causing the death of the said William V. Ray."

shortly thereafter. The State was unable to bring forth any eyewitness who could testify to exactly what had transpired between appellant and decedent except a five-year old boy whose testimony was inconclusive.

In his first ground of error appellant contends the evidence is insufficient because the aggravated assault cannot support a felony murder conviction. In his argument under this ground of error, however, it is made clear that his real complaint is not addressed to the sufficiency of the evidence to support the allegations in the indictment. It is, instead, a challenge to the scope of the felony murder doctrine under Sec. 19.02(a)(3), supra. As stated in his brief, "The ultimate question presented in this ground of error is whether the felony-murder doctrine, as codified in Sec. 19.-02(a)(3), should apply where the precedent felony is an assault and is inherent in the homicide."

▪ The felony murder rule dispenses with any inquiry into the mens rea accompanying the homicide itself. The underlying felony supplies the necessary culpable mental state.

"Thus, the culpable state of mind for the act of murder is supplied by the mental state accompanying the underlying committed or attempted felony giving rise to the act. The transference of the mental element establishing criminal responsibility for the original act to the resulting act conforms to and preserves the traditional mens rea requirement of the criminal law." *Rodriguez v. State,* Tex.Cr.App., 548 S.W.2d 26.

The instant prosecution must rest on the proposition that the intent with which the act of aggravated assault was committed can be transferred to the act which caused the homicide. The indictment charges that the gravamen of the aggravated assault was threatening decedent with a gun and that the dangerous act resulting in death was pulling a loaded pistol from his pocket to scare the decedent. The State is thus attempting to use the very act which caused the homicide, committing an aggravated assault by use of a deadly weapon, as the felony which boosts the homicide itself into the murder category.

▪ To allow this would make murder out of every aggravated assault that results in a death. It would relieve the State of the burden of proving an intentionally or knowingly caused death in most murder cases because murder is usually the result of some form of assault. Such a result has been rejected in the vast majority of jurisdictions throughout the United States where it is held that a felonious assault resulting in death cannot be used as the felony which permits application of the felony murder rule to the resulting homicide.[3] As then Chief Judge Cardozo stated:

"To make the quality of the intent indifferent, it is not enough to show that the homicide was felonious, or that there was a felonious assault which culminated in homicide . . . Such a holding would mean that every homicide, not justifiable or excusable, would occur in the commission of a felony, with the result that intent to kill and deliberation and premeditation would never be essential . . . The felony that eliminates the quality of the intent must be one that is independent of the homicide and of the assault merged therein, as, e. g., robbery or larceny or burglary or rape." *People v. Moran,* 246 N.Y. 100, 158 N.E. 35 (1927).[4]

▪ The felony murder rule calls for the transfer of intent from one criminal act to another, from the underlying felony to

---

3. See, 40 A.L.R.2d 1341 (1971); *People v. Ireland,* 70 Cal.2d 522, 75 Cal.Rptr. 188, 450 P.2d 580 (Cal.1969); *State v. Essman,* 98 Ariz. 228, 403 P.2d 540 (1965); *Tarter v. State,* 359 P.2d 596 (Okl.Ct.Crim.App.1961); *People v. Wagner,* 245 N.Y. 143, 156 N.E. 644 (1927).

4. The elements of the mens rea necessary for murder referred to under New York law are different from those required by V.T.C.A., Penal Code Sec. 19.03 but the principal is the same. The felony murder rule allows a conviction for murder without proof of the killer's state of mind, whatever that is required by statute to be.

the act causing the homicide. *Rodriguez v. State, supra.* In the present case appellant pulled a gun which went off, striking the victim. The aggravated assault and the act resulting in the homicide were one and the same. The application of the felony murder doctrine to situations such as this is an attempt to split into unrelated parts an indivisible transaction. There must be a showing of felonious criminal conduct other than the assault causing the homicide.

Any other result in this case would allow circumvention of the statutory limits of the felony murder statute. Sec. 19.-02(a)(3), supra. The legislature has provided that an individual is guilty of murder when death results from an act dangerous to human life committed in the course of a felony other than voluntary or involuntary manslaughter. Most voluntary manslaughter offenses are initiated as aggravated assaults.[5] If a felony murder may be predicated on the underlying aggravated assault, the statutory restriction on the scope of the doctrine that prohibits basing a felony murder prosecution on voluntary manslaughter could be regularly circumvented. The legislative prohibition against resting a Sec. 19.-02(a)(3) prosecution on voluntary manslaughter necessarily includes a prohibition against resting such a prosecution on offenses statutorily includable in voluntary manslaughter. To hold to the contrary would render the statute meaningless and its effect nil.[6]

In the instant case, the State improperly prosecuted appellant under the felony murder doctrine.

The judgment is reversed and the indictment ordered dismissed.

---

5. Such was an apparently supportable theory of the offense in this case, in that voluntary manslaughter was submitted to the jury as a lesser included offense of the aggravated assault-felony-murder.

6. The State's reliance on *Rodriguez v. State,* Tex.Cr.App., 548 S.W.2d 26, is misplaced. The statement there that "the legislature has seen fit to exempt only felonies of voluntary and involuntary manslaughter" merely restates the terms of the statute itself, and must be construed, as the statute itself, in light of common-sense and to promote the code's objectives. Sec. 1.05(a), P.C.