**Ex parte Wilmer Lane EASTER.**

No. 65875.

Court of Criminal Appeals of Texas, En Banc.

April 22, 1981.

Rehearing Denied May 27, 1981.

Robert M. Cohan, Dallas, for appellant.

John B. Holmes, Jr., Dist. Atty., and Susan Crump, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

KEITH, Commissioner.

This is a post-conviction habeas corpus proceeding brought under Article 11.07, Sec. 2, Vernon's Ann. C.C.P. (Supp.1980), in which petitioner seeks his release from con-

finement in the Texas Department of Corrections.

Petitioner was convicted under the provisions of V.T.C.A., Penal Code Sec. 19.-02(a)(3), the felony murder statute, for causing the death of Kimberly Easter, his ten-month-old daughter. On direct appeal, his conviction was affirmed. *Easter v. State*, 536 S.W.2d 223 (Tex.Cr.App.1976). None of the questions now presented were advanced on the direct appeal.

Petitioner unsuccessfully sought post-conviction relief in the federal courts. *Easter v. Estelle*, 609 F.2d 756 (5th Cir. 1980). We refer to the two published opinions for the factual details concerning the offense.

Petitioner sets out his contentions in concise form in his memorandum supporting his application for the writ, saying:

> "First, the state proceeded against petitioner only on the [third] count of the indictment invoking the felony murder doctrine, V.T.C.A., Penal Code § 19.-02(a)(3). Second, the acts charged in the indictment as constituting the predicate felony, 'injury to a child' (V.T.C.A., Penal Code § 22.04), were the same acts that the state alleged caused the death of petitioner's daughter. Finally, the court instructed the jury that the felony offense of 'injury to a child' may be committed with criminal negligence and that that offense would support a conviction ·of murder under the definition of felony murder in Penal Code § 19.02(a)(3)."

The material part of the third count of the indictment, upon which the conviction rests, is set in the margin.[1] Primary reliance is placed upon *Garrett v. State*, 573 S.W.2d 543 (Tex.Cr.App.1978), wherein it was held that the intent with which the act of aggravated assault was committed could not be transferred to the act which caused

the homicide. In so holding, we held that there must be "a showing of felonious criminal conduct other than the assault causing the homicide." (573 S.W.2d at 546) He also relies upon language found in *Rodriquez v. State*, 548 S.W.2d 26, 28 (Tex.Cr. App.1977), wherein we held that a conviction of murder may not be sustained on the basis of criminally negligent conduct alone.

■ Petitioner's reliance upon the cited cases is misplaced. It is well settled that one who, intending to commit a felony, accidentally commits another felony, is guilty of the felony actually committed. *Honea v. State*, 585 S.W.2d 681, 685 (Tex. Cr.App.1979). We are here concerned with the felony murder rule and the theory of transferred intent. See and cf. *Kuykendall v. State*, 609 S.W.2d 791, 794–795 (Tex.Cr. App.1980).

■ At the time of the commission of the offense and at the time of trial, V.T.C.A., Penal Code § 22.04(a) (1974)[2] read:

> "A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct that causes serious bodily injury . . . to a child who is 14 hears of age or younger."

The State charged murder by invoking the provisions of V.T.C.A., Penal Code § 19.02(a)(3) (1974), reading:

> "(a) A person commits an offense if he:
>
> \*  \*  \*  \*  \*  \*
>
> (3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in furtherance of the commission or attempt . . . he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual."

---

1. Petitioner [defendant] "did then and there unlawfully commit and attempt to commit a felony, namely, Injury to a Child, and in the course of and in furtherance of the commission and attempt, the Defendant did commit and attempt to commit acts clearly dangerous to human life which did cause the death of Kimberly Easter, hereafter styled the Complainant, namely, striking the Complainant, an infant,

with his hands and fists, choking the Complainant with his hands and by throwing and dropping the Complainant on the floor and using other instruments and means against the Complainant unknown to the Grand Jury."

2. For an account of the historical development of this section of the statute, see *Beggs v. State*, 597 S.W.2d 375, 376–377 (Tex.Cr.App.1980).

Petitioner's contention, when presented under the 1925 Penal Code, was rejected by this Court in *Hilliard v. State*, 513 S.W.2d 28, 31–33 (Tex.Cr.App.1974). Although *Hilliard* involved the 1925 Penal Code provisions as to the definition of an injury to a child, it has been said that the inclusion of the present statutory provision "was intended to preserve Article 1148a of the former Penal Code." *Beggs v. State*, 597 S.W.2d 375, 376 (Tex.Cr.App.1980). Similarly, the felony murder statute, formerly Article 42, 1925 Penal Code has been clarified by § 19.02 of the 1974 Penal Code with "little change in practice." See *Kuykendall v. State*, supra (609 S.W.2d at 796), for a discussion of the old and new statutory provisions.

The felony murder rule as now embodied in the present Penal Code dispenses with inquiry into the mens rea accompanying the homicide itself. The underlying felony—here the injury to a child—supplies the necessary culpable mental state. The indictment was not fundamentally defective so as to be susceptible to challenge for the first time in a post-conviction writ of habeas corpus. *Ex parte Bailey*, 600 S.W.2d 331, 332 (Tex.Cr.App.1980). See also, *Garrett v. State*, supra (573 S.W.2d at 545); *Rodriquez v. State*, supra (548 S.W.2d at 28).

There is yet another cogent reason for holding that the rule enunciated in *Garrett v. State*, supra, is inapplicable here: the fact that the crime of injury to a child is not a lesser included offense to the crime of murder. In *Garrett*, supra, the aggravated assault was a lesser included offense in the homicide; and, this court properly held that it could not be used to supply the necessary intent in the murder case.

■ However, the language carefully chosen in *Garrett* should not be given an overly broad meaning. Not every "assaultive" offense, if alleged as an underlying felony, will merge with the homicide in a felony murder indictment. Two illustrations will serve to demonstrate the point. A person commits capital murder if he intentionally commits murder in the course of committing or attempting to commit bur-

glary. *Ex parte Davis*, 542 S.W.2d 192, 196 (Tex.Cr.App.1976).

Similarly, in *Earl v. State*, 514 S.W.2d 273, 274 (Tex.Cr.App.1974), a conviction of aggravated robbery was affirmed although the indictment did not contain all of the constituent elements of theft. We held that "the actual commission of the offense of theft is not a prerequisite to commission of a robbery ...." See also, *Wells v. State*, 576 S.W.2d 857, 858 (Tex.Cr.App. 1979).

We reject petitioner's attempt to equate the underlying felony in this case—injury to a child—with that confronting the Court in *Garrett v. State*, supra.

■ Petitioner also argues, in substance, that the acts constituting injury to a child and the act clearly dangerous to human life were one and the same because the *evidence* showed that he beat and choked the child for about two hours before she died. Petitioner may not, in this habeas corpus proceeding, collaterally attack the sufficiency of the evidence to support the conviction. *Ex parte Smith*, 571 S.W.2d 22, 23 (Tex.Cr. App.1978).

We have examined carefully each of the theories of petitioner and find no merit to the contentions advanced. The relief sought is denied.