**Scott Mattison LAWSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–98–0397–CR.**

Court of Appeals of Texas, Amarillo.

Sept. 13, 1999.

C.R. Daffern, Amarillo, for appellant.

Roland Saul, District Attorney, Jim English, Assistant Criminal District Attorney, Hereford, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

BRIAN QUINN, Justice.

Scott Mattison Lawson appeals his conviction for murder. In his sole point of error he argues that the merger doctrine applicable to the felony murder rule requires a reversal because the State improperly alleged aggravated assault as the offense precedent to the murder. We affirm.

### Background

On February 21, 1998, appellant, Lee Rogers, and several other individuals were together at a friend's home drinking beer. At some point during the group's revelry, appellant and Rogers got into an argument that eventually deteriorated into a fist fight. During the fray, appellant drew a knife and stabbed Rogers several times in the arms, buttocks, and legs. One of the blows severed Rogers' right common iliac

vein, which resulted in his bleeding to death.

Thereafter, appellant was indicted for murder under § 19.02(b)(3) of the Texas Penal Code. In pertinent part, the indictment stated that he:

> did ... intentionally and knowingly cause and attempt to commit a felony, to-wit: Aggravated Assault, and in the course of and in furtherance of the commission or attempt, ... [appellant] did commit an act clearly dangerous to human life, to-wit: stabbed LEE ROGERS with a knife and caused the death of LEE ROGERS....

While lodging no objection to the indictment, appellant asserted in a motion for instructed verdict that he could not properly be charged with murder. This was allegedly so because some offense other than the assault which ultimately caused death had to have been plead as the predicate offense. Otherwise, he could not be convicted of felony murder. He renews that argument here.

### Analysis

The Penal Code contains three modes through which a murder can be committed. The one applicable here is described under § 19.02(b)(3) of the Code and is commonly known as felony murder. Thereunder, one can be convicted of murder if he causes the death of an individual while committing an act clearly dangerous to human life in furtherance of the commission or attempted commission of a felony other than manslaughter. TEX. PENAL CODE ANN. § 19.02(b)(3) (Vernon 1994). As can be seen, the state legislature deigned to exclude only manslaughter from the category of felonies which may serve as the predicate offense. Nothing is said of any other. Because of that, we and others have held that any felony other than manslaughter can be used to satisfy the requirements of § 19.02(b)(3). *Medellin v. State*, 960 S.W.2d 904, 907 (Tex.App.—Amarillo 1997, no pet.); *Rodriguez v. State*, 953 S.W.2d 342, 353–54 (Tex.App.—Austin 1997, pet. ref'd).

Since aggravated assault is a felony under section 22.02(b) of the Penal Code, and is distinct from manslaughter, then the legislature did not bar its use as the predicate felony under § 19.02(b)(3). Since it did not, the courts cannot bar its use through judicial fiat. Consequently, we reject appellant's argument that his murder conviction is invalid because aggravated assault could not serve as the predicate offense.

That our decision may conflict with *Garrett v. State*, 573 S.W.2d 543 (Tex.Crim.App.1978) matters not. Since its issuance, that opinion has been honored more in its breach than in its adherence. Courts, including the highest criminal court in this state, have endeavored to distinguish it, and thereby nullify it, as illustrated in *Rodriguez*. More importantly, the Texas Court of Criminal Appeals has done little to suggest that *Garrett* remains viable precedent. Indeed, when given the opportunity to correct any perceived error in *Rodriguez*, the Court of Criminal Appeals refused to entertain the matter by refusing the petition for discretionary review.

Accordingly, the judgment is affirmed.