Russell Lloyd, Justice, concurring.
*343 This case illustrates what Judge Odom was talking about in Garrett v. State , 573 S.W.2d 543 (Tex. Crim. App. [Panel Op.] 1978). The act clearly dangerous to human life that caused the death has been broken out of the homicide and made into a separate offense, which it is not. This is a Penal Code section 19.02(b)(2) case and not a Penal Code section 19.02(b)(3) case. See TEX. PENAL CODE §§ 19.02(b)(2), (3) (West 2011). Appellant admitted pointing a pistol at complainant. This act caused the death of complainant. If she intended to kill or cause serious bodily injury to the complainant when she pointed the pistol, she is guilty of murder. If she committed the act without intent to kill complainant but recklessly pointed the pistol at him, causing his death, she is guilty of manslaughter or some lesser-included offense.
The majority is compelled by Lawson to find that appellant intentionally committed aggravated assault to support a conviction for felony murder. Lawson v. State , 64 S.W.3d 396 (Tex. Crim. App. 2001). Appellant committed an intentional act but the act was part and parcel of the homicide. The jury should be able to determine the consequences of that act by evaluating the intent with which it was done. The State should not be able to avoid the necessity of proving intent for the homicide by this misuse of the felony murder doctrine.
Due to an unfortunate precedent, I agree that we must deny appellant's motion for en banc reconsideration. However, I join Justice Jennings in urging the Court of Criminal Appeals to revisit this area of Texas jurisprudence and bring clarity, logic, and simplicity to it. Judge Odom did.
OPINION CONCURRING IN DENIAL OF EN BANC RECONSIDERATION