Terry Jennings, Justice, concurring.
Writing for a unanimous Texas Court of Criminal Appeals, Judge Wendell Odom explained the intrinsic problem with allowing an aggravated assault that is "inherent in the homicide" to serve as the predicate felony for a felony-murder conviction:
To allow this would make murder out of every aggravated assault that results in a death. It would relieve the State of the burden of proving an intentionally or knowingly caused death in most murder cases because murder is usually the result of some form of assault.
Garrett v. State , 573 S.W.2d 543, 545 (Tex. Crim. App. 1978). The instant case proves Judge Odom's point precisely.
*344 A jury found appellant, Claudia Kristine Esquivel, guilty of the offense of murder[1] and assessed her punishment at confinement for twenty-seven years and a fine of $10,000. In her second issue on appeal, she argues that the trial court, in its charge, erred in submitting to the jury the felony-murder application paragraph because it authorized her conviction for murder based on a spurious allegation of aggravated assault, which, as alleged, constituted "a cleverly disguised form of manslaughter" and is "a lesser-included offense of manslaughter by any other name." The panel reasoned that "[i]ntentional and knowing aggravated assault is not includable in manslaughter and is not a lesser-included offense of manslaughter." And, relying on the Texas Court of Criminal Appeals' opinion in Lawson v. State , 64 S.W.3d 396 (Tex. Crim. App. 2001), it concluded that the trial court's jury charge did not contain an invalid legal theory of felony murder.
Because the panel did not err in following the erroneous precedent set forth in Lawson , I agree that we must deny appellant's motion for en banc reconsideration. However, I write separately to explain why the reasoning in Lawson is fatally flawed, and it stands as a very problematic precedent.
In this case, appellant shot the complainant, Christopher Chapa, with a firearm during an argument at their home. Appellant testified that she and the complainant, who was her live-in boyfriend, had been fighting before the shooting. He had cursed at her, insulted her son who was sleeping in the next room, slammed various items around, and pushed her. After appellant asked the complainant to leave, he continued to push her around as he packed up his belongings. She then picked up his firearm from a desk and pointed it at him, motioning for him to leave the home. Although disputed by the State, appellant explained that, before pointing the firearm at the complainant, she removed its magazine and did not believe that it was loaded. When the complainant then started moving toward her, the firearm discharged, shooting the complainant in the head. He later died at a nearby hospital. Although appellant has consistently maintained that she did not intend to shoot the complainant, a Galveston County Grand Jury issued a true bill of indictment, accusing her of committing the offense of murder. The indictment included three different legal theories to support a murder conviction, including felony murder predicated on the offense of aggravated assault that resulted in the complainant's death.
A person commits the offense of felony murder if she "commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, [s]he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual." TEX. PENAL CODE § 19.02(b)(3) (Vernon 2011). In this case, the State used the "very act which caused the homicide, committing an aggravated assault by use of a deadly weapon, as the felony which boosts the homicide itself into the murder category." See Garrett , 573 S.W.2d at 545. In Garrett , Judge Odom explained in detail why this is intrinsically problematic:
To allow this would make murder out of every aggravated assault that results in a death. It would relieve the State of the burden of proving an intentionally or knowingly caused death in most murder cases because murder is usually the result of some form of assault. Such a *345 result has been rejected in the vast majority of jurisdictions throughout the United States where it is held that a felonious assault resulting in death cannot be used as the felony which permits application of the felony murder rule to the resulting homicide.
Id. In support of his position, Odom quoted then Chief Judge Cardozo:
"To make the quality of the intent indifferent, it is not enough to show that the homicide was felonious, or that there was a felonious assault which culminated in homicide ... [.] Such a holding would mean that every homicide, not justifiable or excusable, would occur in the commission of a felony, with the result that intent to kill and deliberation and premeditation would never be essential ... [.] The felony that eliminates the quality of the intent must be one that is independent of the homicide and of the assault merged therein, as, e. g., robbery or larceny or burglary or rape."
Id. (first and third alterations in original) (quoting People v. Moran , 246 N.Y. 100, 158 N.E. 35, 36 (1927) ). Judge Odom further explained:
The felony murder rule calls for the transfer of intent from one criminal act to another, from the underlying felony to the act causing the homicide.... In the present case appellant pulled a gun which went off, striking the victim. The aggravated assault and the act resulting in the homicide were one and the same. The application of the felony murder doctrine to situations such as this is an attempt to split into unrelated parts an indivisible transaction. There must be a showing of felonious criminal conduct other than the assault causing the homicide .
Any other result in this case would allow circumvention of the statutory limits of the felony murder statute . ... The legislature has provided that an individual is guilty of murder when death results from an act dangerous to human life committed in the course of a felony other than voluntary or involuntary manslaughter. Most voluntary manslaughter offenses are initiated as aggravated assaults. If a felony murder may be predicated on the underlying aggravated assault, the statutory restriction on the scope of the doctrine that prohibits basing a felony murder prosecution on voluntary manslaughter could be regularly circumvented . The legislative prohibition against resting a Sec. 19.02(a)(3) prosecution on voluntary manslaughter necessarily includes a prohibition against resting such a prosecution on offenses statutorily includable in voluntary manslaughter. To hold to the contrary would render the statute meaningless and its effect nil.
Id. at 545-46 (emphasis added) (internal footnotes omitted).
As noted by appellant, the felony-murder application paragraph in the trial court's charge authorized her conviction for murder based on an allegation of aggravated assault, which, as alleged, constituted "a cleverly disguised form of manslaughter." This is the exact application of the felony-murder statute that the Texas Court of Criminal Appeals prohibited in Garrett . However, the court has retreated from its reasoning and holding in Garrett , creating an unsound precedent in regard to the felony-murder doctrine when the predicate felony is an aggravated assault resulting in a homicide. In Johnson v. State , the court specifically disavowed its reasoning and holding in Garrett , which required a "showing of a felonious criminal conduct other than the assault causing the homicide." 4 S.W.3d 254, 258 (Tex. Crim. App. 1999). And it limited Garrett to "hereinafter stand[ ] only for the proposition *346 that a conviction for felony murder under section 19.02(b)(3), will not lie when the underlying felony is manslaughter or a lesser included offense of manslaughter." Id. Two years later, relying on Johnson , the court in Lawson , held that "[a]n 'intentional and knowing' aggravated assault" resulting in a homicide can form the basis for felony murder because it "is not a lesser included offense of manslaughter, nor is it statutorily included in manslaughter." 64 S.W.3d at 397.
In its retreat from Garrett , the Texas Court of Criminal Appeals has created a precedent that permits circumvention of the express prohibition of using manslaughter as a predicate felony under the felony-murder statute.[2] See TEX. PENAL CODE § 19.02(b)(3) (expressly excluding use of manslaughter from felony-murder statute). This is exactly the problem the court cautioned of in Garrett when it explained that "[t]o allow this would make murder out of every aggravated assault that results in a death" and "relieve the State of the burden of proving an intentionally or knowingly caused death in most murder cases because murder is usually the result of some form of assault. "[3] 573 S.W.2d at 545 (emphasis added). Now, under Lawson , "the state will always be able to charge felony murder, even when the evidence shows only manslaughter or a lesser-included offense of manslaughter" by simply omitting the term "recklessly" from the aggravated assault charge. 64 S.W.3d at 404 (Johnson, J., dissenting).
In this case, the panel relies on Lawson in holding that the complained-of felony-murder application paragraph did not present the jury with an invalid theory of felony murder based on appellant's aggravated assault with a deadly weapon that resulted in the complainant's death. Although Lawson was wrongly decided and the holding of Garrett should be the law in Texas, the panel did not err in deciding this case in accord with Lawson . While I encourage the Texas Court of Criminal Appeals to overrule Lawson , we, until it is overruled, must accept it as binding precedent. Purchase v. State , 84 S.W.3d 696, 701 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd) ("As an intermediate court of appeals we are bound by the decisions of our state's highest criminal court.").

See Tex. Penal Code § 19.02(b) (Vernon 2011).

A person commits manslaughter if she "recklessly causes the death of an individual." Tex. Penal Code § 19.04(a) (Vernon 2011). A person acts "recklessly, or is reckless with respect to circumstances surrounding [her] conduct or the result of [her] conduct when [s]he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." Id. § 6.03(c) (Vernon 2011).

The problem is further highlighted by the fact that the jury in the instant case submitted the following question to the trial court during its deliberations:
According to the Charge of the Court, what is the difference between "Murder" & "Aggravated Assault"?